UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THOMAS R. SNELLING,

                Plaintiff,              Case No. 1:24-cv-195

v.                                 Honorable Ray Kent

UNKNOWN PARTIES,

                Defendant.

_____/

## ORDER TO FILE AMENDED COMPLAINT

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. All civil rights complaints brought by prisoners must be submitted on the form provided by this Court. *See* W.D. Mich. LCivR 5.6(a). Plaintiff failed to file his complaint on the requisite form. Instead, Plaintiff submitted a letter addressed to "magistrate." (ECF No. 1, PageID.1.)

Plaintiff is currently confined by the Michigan Department of Corrections (MDOC) at the Charles Egeler Reception and Guidance Center (RGC) in Jackson, Jackson County, Michigan. It appears that the events of which Plaintiff complaints occurred there, as well as during Plaintiff's incarcerations at the Kent County Jail in Grand Rapids, Michigan and the Allegan County Jail in Allegan, Michigan. With respect to events at RGC, Plaintiff suggests that there are "some naughty MDOC staff" there. (*Id.*) Plaintiff argues that a staff member threatened and lied to him in connection with one of Plaintiff's grievances. (*Id.*) Plaintiff avers that he did not receive clothing until a week after he arrived at RGC, and that he was missing certain items of property when it arrived from the jail. (*Id.*) Plaintiff also takes issue with the meals served at RGC. (*Id.*, PageID.2.)

Plaintiff then turns his focus to the Kent County Jail. He references that he received $13,000.00 in 2010 because of a settlement with jail staff and that staff retaliated against him all throughout 2023 because of that settlement. (*Id.*) Plaintiff suggests that he lost property during his stay at the jail. (*Id.*) Plaintiff also vaguely references constitutional violations that occurred during an unknown time at the Allegan County Jail. (*Id.*)

Plaintiff's complaint, as pled, is insufficient to state a claim for relief due to the lack of factual allegations in the body of the complaint, as well as Plaintiff's failure to name at least one individual as a Defendant. Furthermore, Plaintiff's complaint suggests that he wishes to assert constitutional claims against staff at RGC, the Kent County Jail, and the Allegan County Jail. However, a "a civil plaintiff may not name more than one defendant in his original or amended complaint unless *one* claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (emphasis added). Nothing in Plaintiff's complaint suggests that his claims regarding RGC are transactionally related in any way to his claims concerning the Kent County Jail and the Allegan County Jail. To allow Plaintiff to improperly join parties and claims in a prisoner civil rights action would undermine the purpose of the Prison Litigation Reform Act (PLRA), which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004).

The Court, therefore, will direct the Clerk to send to Plaintiff three copies of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. Plaintiff shall use a form complaint for each action he wishes to pursue. Plaintiff must also list the names of any individuals that he seeks to sue in each action on the form complaint relating to that action.

2

Plaintiff shall submit one amended complaint in this action by filing his complaint on that form within twenty-eight (28) days from the date of entry of this order. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. As noted above, Plaintiff may not join all claims and parties relating to his incarcerations at RGC,[1] the Kent County Jail, and the Allegan County Jail. Instead, Plaintiff should use one form complaint for each place of incarceration. Plaintiff need not re-submit supporting exhibits filed with the original complaint. The case number shown above must appear on the front page of the amended complaint. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the Court may dismiss the complaint without prejudice.

**IT IS SO ORDERED**.

Dated:   2/28/2024                                    /s/ Ray Kent
                                                      Ray Kent
                                                      United States Magistrate Judge

---

[1] The Court notes further that the Eastern District of Michigan is the proper venue for any claims Plaintiff may wish to assert regarding his incarceration at RGC, as Jackson County is located within the Eastern District. *See* 28 U.S.C. § 102(a).

3